**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ANTOINE LAMONT EUBANKS                                          PLAINTIFF

v.                              **Case No. 4:24-cv-00151-LPR**

UNITED STATES OF AMERICA;
TRENTON BEHNKE                                                 DEFENDANTS

**<u>ORDER</u>**

This Order addresses the United States of America's current Motion to Dismiss.[1]  The Order assumes familiarity with the somewhat tortured procedural background of this case.  For those without such familiarity, the only way to properly understand this Order is to: (1) review the transcript of the hearing that took place on March 28, 2025,[2] and (2) then review the Order that issued based on the hearing.[3] Today, the United States is asking the Court to dismiss the Second Amended Complaint to the extent that Complaint seeks relief against the United States.[4]  And the Court agrees that the United States is entitled to the dismissal it wants.  Here's why.

1.      With respect to the constitutional claims against the United States set out in the Second Amended Complaint, the United States is correct that this amendment exceeds the bounds of the Court's previous Order allowing amendment.[5]  The United States is also correct that sovereign immunity bars such claims.  The Court adopts the United States' arguments on both

---

[1] *See* Mot. to Dismiss Second Am. Compl. (Doc. 56).

[2] *See* Mar. 28, 2025 Hr'g Tr. (rough).

[3] *See* Mar. 28, 2025 Order (Doc. 51).

[4] The Second Amended Complaint includes claims against Trenton Behnke in his individually capacity.  *See* Second Am. Compl. (Doc. 52) ¶¶ 4, 25–36.  Mr. Behnke has not moved to dismiss the claims brought against him.

[5] *See* Mar. 28, 2025 Order (Doc. 51).

points.[6] And the Court notes that each point is an independent and sufficient ground to dismiss the constitutional claims brought against the United States in the Second Amended Complaint.[7]

2.    With respect to the Rule 41(g) relief sought in the Second Amended Complaint, the United States' factual attack on subject matter jurisdiction is well taken.[8] Essentially, the United States' argument is that: (1) Rule 41(g) only waives sovereign immunity where the United States is in possession of the property at issue; (2) a plaintiff must prove this fact by a preponderance of the evidence; (3) Mr. Eubanks has provided no facts to show that the United States is in possession of the specific money he wants returned; and therefore (4) the Court does not have subject matter jurisdiction because of the sovereign immunity doctrine.[9] The Court can find no error in the United States' chain of logic or in any individual link making up that chain.

In the Second Amended Complaint, Mr. Eubanks alleges that the "Defendants seized" $30,050 from Mr. Eubanks at the time of his arrest.[10] Construing this allegation liberally, Mr. Eubanks is asserting that some combination of Corporal Trenton Behnke, Officer Jeffrey Elenbaas, and others on the FBI Get-Rock Task Force seized the $30,050. Building on this assertion, Mr. Eubanks alleges that Officer Elenbaas subsequently returned to Mr. Eubanks only $16,772.52 of the $30,050 seized.[11] Mr. Eubanks acknowledges that he signed a Receipt of

---

[6] *See* Br. in Supp. of Mot. to Dismiss Second Am. Compl. (Doc. 57) at 8.

[7] *See, e.g.*, Second Am. Compl. (Doc. 52) ¶¶ 17–24.

[8] *See* Br. in Supp. of Mot. to Dismiss Second Am. Compl. (Doc. 57) at 5–7.

[9] *See id.*

[10] *See* Second Am. Compl. (Doc. 52) ¶¶ 8–9, 13.

[11] *See id.* ¶¶ 11, 14.

Property form and that the form had the words "nothing further" on it.[12]  But Mr. Eubanks alleges he was coerced into doing so in order to get back the $16,772.52.[13]

Of course, the foregoing are just allegations.  The Second Amended Complaint is not a verified complaint.[14]  In response to the Second Amended Complaint, the United States filed a Motion to Dismiss that presented a factual attack on the Court's subject matter jurisdiction to resolve Mr. Eubanks' Rule 41(g) motion/claim.[15]  In support of its factual attack, the United States provided a declaration from Officer Elenbaas.[16]

In his declaration, Officer Elenbaas testified as follows.  During the Friday, February 18, 2022 arrest of Mr. Eubanks, "[t]he FBI seized the currency" that Mr. Eubanks had on or near his person, as well as the currency from the car that Mr. Eubanks was driving.[17]  The FBI then "transported the currency to the FBI Little Rock Field Office" and "placed [it] in the evidence vault."[18]  Several days later—after a weekend and a federal holiday—Officer Elenbaas went to the FBI Little Rock Field office and "counted the money by hand and with a currency counting

---

[12] *See id.* ¶ 11.

[13] *See id.* ("Plaintiff was given a choice of signing the form and getting the money or not signing the form at all and getting nothing.  To mitigate his losses, Mr. Eubanks signed the form.").  It is worth noting that the Second Amended Complaint does not allege that the FBI (or the United States) are still in possession of any of Mr. Eubanks' money.  The allegations are simply that $30,050 was seized and $16,772.52 was returned.  *See id.*  Mr. Eubanks does not allege where the rest of the money ($13,277.48) is today.

[14] The earlier iterations of the Complaint are not verified either.  *See generally* Compl. (Doc. 1); Am. Compl. (Doc. 3).

[15] *See* Mot. to Dismiss Second Am. Compl. (Doc. 56) ¶ 6; Br. in Supp. of Mot. to Dismiss Second Am. Compl. (Doc. 57) at 3.  The Eighth Circuit treats a 41(g) motion for return of property within a complaint as both a motion and a claim.  *See Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir. 1995) ("Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions . . . ."); *Black Hills Inst. of Geological Rsch. v. U.S. Dep't of Just.*, 967 F.2d 1237, 1239 (8th Cir. 1992) ("Federal courts have recognized an independent cause of action for return of property based on the general equitable jurisdiction of the federal courts.").

[16] *See* Decl. of Jeffrey S. Elenbaas (Doc. 56-1) at 1–4.

[17] *Id.* at 2–3.

[18] *Id.* at 3.

machine . . . ."[19]  In this endeavor, Officer Elenbaas was assisted by a second Officer on the FBI task force.[20]  Both the hand count and the machine count came out with the same amount of money: $16,772.52.[21]  This was all of the money seized from Mr. Eubanks.[22]  And it was all returned to Mr. Eubanks by Officer Elenbaas on July 27, 2022.[23]

Officer Elenbaas' testimony—at least in its critical aspects—is supported by several pieces of documentary evidence, including an FBI Evidence Chain of Custody form, an FBI Evidentiary Cash Count form, and an FBI Receipt of Property Form signed by Mr. Eubanks.[24]  On the other side of the ledger, Mr. Eubanks has provided no facts at all to dispute the testimonial and documentary evidence that the FBI seized only $16,772.52 and returned all of it.  On a factual attack, allegations in an unverified complaint don't count as competent evidence.[25]  Nor do

---

[19] *Id.*  Mr. Eubanks' arrest took place sometime between 8:00 pm and 8:30 pm.  *See* Ex. A (FBI Evidence Chain of Custody) to Mot. to Dismiss Second Am. Compl. (Docs. 56-1) at 6 (reciting time of seizure as 8:30 pm); Ex. 1 (State Discovery File) to Resp. to Mot. to Dismiss Second Am. Compl. (Doc. 58-1) at 4, 14 (reciting time of arrest as "2000" (8:00 pm)).

[20] *See* Decl. of Jeffrey S. Elenbaas (Doc. 56-1) at 3.

[21] *See id.* at 3–4.  Technically, the machine count came out slightly lower than the hand count because the machine was not equipped to count coins.  *See id.*  The hand count established that there were $1.52 in coins.  *See id.*  So the machine count of $16,771 and the hand count of $16,772.52 is, in reality, a perfect match.

[22] *See id.* at 4.

[23] *See id.*

[24] *See* Ex. A (FBI Evidence Chain of Custody) to Mot. to Dismiss Second Am. Compl. (Docs. 56-1) at 6; Ex. B (FBI Evidentiary Cash Count) to Mot. to Dismiss Second Am. Compl. (Docs. 56-1) at 8–9; Ex. D (FBI Receipt of Property) to Mot. to Dismiss Second Am. Compl. (Docs. 56-1) at 14.  The Court has one nagging concern about the consistency between Officer Elenbaas' declaration and the documentary evidence.  Officer Elenbaas testified that, at the time of Mr. Eubanks' arrest, "[t]he FBI transported the currency to the FBI Little Rock Field Office, and the currency was placed in the evidence vault."  *See* Decl. of Jeffrey S. Elenbaas (Doc. 56-1) at 3.  But the FBI Evidence Chain of Custody form is less than clear about this timeline.  That form shows that there was a seizure by Officer Elenbaas at 8:30 pm on February 18, 2022.  *See* Ex. A (FBI Evidence Chain of Custody) to Mot. to Dismiss Second Am. Compl. (Docs. 56-1) at 6.  But the form is not clear as to whether that evidence (1) was brought to the FBI's Little Rock Office and placed into the evidence vault on February 18, 2022, or instead (2) was only brought to the FBI's Little Rock Office and placed into the evidence vault on February 22, 2022.  This potential inconsistency is not outcome-altering in the context of this case.  That is for two reasons.  First, Mr. Eubanks provides no evidence whatsoever to counter Officer Elenbaas' declaration.  And second, it is not definitively clear that there is an irreconcilable conflict between Officer Elenbaas' declaration and the Evidence Chain of Custody Form.

[25] *See Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) ("In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990))); *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018)

4

attorney assertions in a brief.[26]  Neither Mr. Eubanks nor his wife (nor anyone else) submitted a declaration stating that more than $16,772.52 was seized from Mr. Eubanks during his arrest.  And the documentary evidence Mr. Eubanks has provided does not say that either.[27]

Given the state of the evidence, the Court concludes that the United States is not currently in possession of any of Mr. Eubanks' money.[28]  And the Eighth Circuit is very clear as to the legal implications of this conclusion.  Where the United States is not currently in possession of the

("Where . . . a party brings a factual attack, a district court may look outside the pleadings to affidavits or other documents.  This does not . . . convert the 12(b)(1) motion to one for summary judgment.  Instead, the party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." (internal citations and quotations omitted)); *see also Macias v. Miller*, No. 4:23-cv-3078, 2023 WL 8253203, at *2 (D. Neb. Nov. 13, 2023) ("With a facial attack, the Court presumes the factual allegations in the complaint are true.  With a factual attack, the Court does not, and it can consider 'competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute.'" (internal citations omitted) (quoting *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993))).

[26] *See Beck v. Fed. Land Bank of Houston*, 148 F.2d 204, 205 (8th Cir. 1945) ("What appellant's concept of evidence or competent evidence may be we do not know, but it is clear that the mere assertion in his brief and argument, without more, . . . is not sufficient . . . ."); *see also Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in parties' briefs are not evidence."); *United States v. Dixon*, 137 F.4th 592, 604 (7th Cir. 2025) ("The unsupported assertions of attorneys are not evidence, so they cannot support a district court's factual findings."); *In re Strubbe*, 347 F.2d 217, 218 (3d Cir. 1965) ("We also point out that the briefs of the parties are replete with assertions of facts, but statements in briefs of counsel are not part of the record and cannot serve as bases for adjudication."); *Lee v. Chicago Youth Centers*, 69 F. Supp. 3d 885, 888 (N.D. Ill. 2014) ("[I]t is basic that unsupported statements of lawyers in briefs are not evidence, do not count, and are given no weight.").

[27] *See generally* Ex. 1 (State Discovery File) to Resp. to Mot. to Dismiss Second Am. Compl. (Doc. 58-1) at 1–14.  In his Second Amended Complaint and briefing papers, Mr. Eubanks describes a dashcam recording of a portion of the arrest at issue.  *See* Second Am. Compl. (Doc. 52) ¶¶ 8–9; Br. in Supp. of Resp. to Mot. to Dismiss Second Am. Compl. (Doc. 59) at 4–5.  Among other things, Mr. Eubanks asserts that, on the dashcam recording, one can hear Mr. Eubanks telling law enforcement that the cash they seized from his person (or near his person) totaled $29,000.  *See* Second Am. Compl. (Doc. 52) ¶ 9; Br. in Supp. of Resp. to Mot. to Dismiss Second Am. Compl. (Doc. 59) at 4–5.  But, again, allegations in a Complaint and arguments in a brief don't count as evidence.  *See supra* notes 25–26.  Neither the dashcam recording itself nor a transcript of that recording has been submitted to the Court.

[28] The Court makes this finding by a preponderance of the evidence.  The Court would still reach the same outcome were it to apply a summary judgment standard to account for the overlap between the relevant jurisdictional question and the ultimate Rule 41(g) merits question.  *See* Br. in Supp. of Mot. to Dismiss Second Am. Compl. (Doc. 57) at 5–7; Br. in Supp. of Resp. to Mot. to Dismiss Second Am. Compl. (Doc. 59) at 7–9.  Mr. Eubanks presented no evidence (testimonial or otherwise) to counter the evidence provided by the United States.  That means there are no genuinely disputed facts—because a dispute is not genuine unless there is some evidence from which a reasonable factfinder could find in favor of either party on the fact in question.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968))).  Based on the actual evidence in this record, a reasonable factfinder could only find in favor of the United States on the question whether the United States is currently in possession of any of Mr. Eubanks' money.

property whose return is sought, Rule 41(g)'s waiver of sovereign immunity doesn't apply.[29]  That means the United States remains cloaked in sovereign immunity and this Court does not have subject matter jurisdiction to resolve the request for Rule 41(g) relief.[30]

3.        At the March 28, 2025 hearing and in the Court's Order following that hearing, the Court explained that it would allow Mr. Eubanks to proceed with the tort claims he was then raising against the United States under the Federal Tort Claims Act.[31]  For whatever reason, Mr. Eubanks chose not to include those claims in his Second Amended Complaint.  Generally, when a complaint is amended, the amended complaint entirely supersedes and replaces the prior version of the complaint.[32]  This means that claims in an earlier complaint that are dropped from an amended complaint are treated as if they had never been raised.[33]  Certainly, this is true where a client is represented by counsel as opposed to proceeding pro se.[34]

Perhaps Mr. Eubanks—advised by his counsel—strategically chose to drop the FTCA-related claims against the United States.  Perhaps Mr. Eubanks and his counsel made the omission accidentally.  Or perhaps Mr. Eubanks and his counsel misunderstood the Court's (pretty clear)

---

[29] *See United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001).

[30] It is within the Court's discretion to hold an evidentiary hearing on the factual attack made here by the United States. *See Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) (noting that where there is a factual attack, "[i]f necessary, the district court can hold a hearing").  A hearing is not necessary given that Mr. Eubanks has not provided any relevant evidence in support of his allegations that the United States seized $30,050 from him, returned only about $16,772, and is currently in possession of the remainder.

[31] *See* Mar. 28, 2025 Hr'g Tr. (rough) at 11:34:36–11:38:44; Mar. 28, 2025 Order (Doc. 51).

[32] *See Schlafly v. Eagle F.*, 970 F.3d 924, 933 (8th Cir. 2020) ("Generally, an amended complaint supercedes an original complaint and renders the original complaint without legal effect." (quoting *Acuity v. Rex, LLC*, 929 F.3d 995, 999 (8th Cir. 2019))).

[33] *See Royal Canin U. S. A., Inc. v.* Wullschleger, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case.  Or as we put the matter over a century ago: When a petition is amended, the cause proceeds on the amended petition.  So changes in parties, or changes in claims, effectively remake the suit." (internal citations and quotations omitted)).

[34] *Cf. White v. Kautzky*, 494 F.3d 677, 680 n.1 (8th Cir. 2007) (noting that courts "liberally construe pro se complaints").

instruction that any FTCA-related tort claims should be filed in the Second Amended Complaint.[35] Whatever the reason, FTCA-related claims are not currently in the operative Complaint. If Mr. Eubanks intends to pursue such claims, he will need to file a Motion for Leave to Amend his Complaint and a supporting brief.[36]  The Court is not suggesting that it will grant such a motion, but the Court is also not suggesting that it will deny such a motion.  The Court will evaluate such a motion (if it comes) on the merits.[37]

*     *     *

For the foregoing reasons, the Court dismisses with prejudice all claims (including but not limited to the request for Rule 41(g) relief) against the United States in the Second Amended Complaint.  This means that there are no live claims pending against the United States.  Unless a Motion for Leave to Amend the Complaint is filed within 14 days from the date of this Order, and the proposed amendment includes the United States of America as a defendant, the Clerk is directed to terminate the United States as a defendant in this matter.

IT IS SO ORDERED this 31st day of March 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[35] *See* Mar. 28, 2025 Order (Doc. 51).

[36] The Motion and Brief, including required attachments, must be compliant with all federal and local rules of procedure.

[37] The Court notes that this is not a case where "the government [has] disclose[d] that it has lost, destroyed, or transferred property that would otherwise be subject to a Rule 41[(g)] order to return."  *Hall*, 269 F.3d at 943. Nonetheless, if Mr. Eubanks believes he has an avenue to proceed under the Tucker Act or the Little Tucker Act (in addition to the FTCA), he should include such claims in his proposed amendment that would be an exhibit to his Motion for Leave to Amend the Complaint.  Again, the Court emphasizes that it is not prejudging whether it will grant such a motion in full, grant such a motion in part, or deny such a motion.